[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15375
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:11-cr-00018-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGH FOWLER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 9, 2012)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Hugh Fowler, Jr., appeals his sentence of 190 months for conspiring to

possess with intent to distribute more than 5 kilograms of cocaine. 21 U.S.C. §§

846, 841(a)(1), 841(b)(1)(A)(ii). Fowler challenges the four-level enhancement of his sentence based on the finding of the district court that he was a leader of the conspiracy. See United States Sentencing Guidelines Manual § 3B1.1(a) (Nov. 2010). We affirm.

Under the Sentencing Guidelines, a defendant receives a four-point increase in his offense level for being "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Id. Relevant factors that a district court can use in determining whether to enhance for a leadership role include the defendant's "exercise of decision making authority"; his "nature of participation in the commission of the offense"; his "claimed right to a larger share of the fruits of the crime"; and the extent to which he "participat[es] in planning or organizing the offense." Id. cmt. n.4. Because the enhancement is intended to address "concerns about relative responsibility," id. cmt. background, "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy," id. cmt. n.4.

The district court did not clearly err in finding that Fowler was a leader of the conspiracy. Fowler admitted at his change of plea hearing that he and his brother "obtain[ed] multi-kilograms amounts of cocaine from a source of supply in the Atlanta, Georgia[,] area" that was "distributed by members" of the conspiracy.

2

Fowler argued at his sentencing hearing that his brother, Andre, controlled the conspiracy, but the government introduced a recording of a telephone conversation between the Fowler brothers that established that they shared control of the conspiracy. During the conversation, Fowler stated how "if **we** both make us about a hundred [from selling cocaine] . . . **we** still got the money to run the company"; Fowler instructed his brother to "make sure . . . when **we** do get [a call about the cocaine], . . . just make sure . . . everybody, they gotta come with that gwap (money), and . . . work it like that"; and Fowler gloated that "everybody . . . [would] watch you and watch me and . . . watch and learn." In the conversation, Fowler's brother also referred to the conspiracy as "our company," and Fowler's brother remarked how "**we** gone have [the cocaine] before everybody else" and "**we** got some work to do." The government also introduced testimony from Lisa Gigante, an agent of the Drug Enforcement Agency, that she had determined that Fowler and his brother were "the leaders of the organization" based on her investigation of the conspiracy and her interviews of confidential informants "closely associated" with the conspiracy. Fowler did not challenge Gigante's testimony. The record supports the finding by the district court that Fowler was a leader of the conspiracy.

We **AFFIRM** Fowler's sentence.